IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. SHULTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CV-2013 CM/JPO |
| ROCKHURST UNIVERSITY CONTINUING EDUCATION CENTER, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Steven G. Shults for his complaint against Defendant Rockhurst University Continuing Education Center, Inc. states:

### NATURE OF THE CASE

1. Shults brings this action against RUCEC, his former employer, for retaliation, including wrongful termination, in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., and for discrimination and retaliation, including wrongful termination, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.

### PARTIES

2. Shults is and has been at all times material to this action a citizen the State of Kansas and a resident of Johnson County.

1

3. RUCEC is a corporation formed and operating under the laws of the State of Kansas with a principal place of business at 6901 W. 63rd Street, Shawnee Mission, Kansas. RUCEC is its own agent for service of process and may be served at 6901 W. 63rd Street, Shawnee Mission, Kansas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all of the claims based on 28 U.S.C. § 1331 because they present federal questions and based on 29 U.S.C. § 2617 as to the Family and Medical Leave Act claim and based on 42 U.S.C. § 12117 and § 12203 as to the Americans With Disabilities Act claims.

5. Venue properly lies in the District of Kansas under 28 U.S.C. § 1391(b) because RUCEC is located within this district and the events giving rise to the claims took place in this district.

## GENERAL FACTS

6. Shults served in the U.S. Marine Corp and saw combat in Vietnam. He was honorably discharged in 1970. As a result of his combat experience, Shults suffers from post-traumatic stress disorder (PTSD).

7. Shults worked for RUCEC for about 11 years and was terminated on September 20, 2007. He worked at the Shawnee Mission offices of RUCEC.

8. RUCEC employed more than 50 persons at or within 75 miles of its Shawnee Mission offices at all times material to this action and was a "covered employer"

within the meaning of the Family and Medical Leave Act and, therefore, was required to comply with the Act.

9. Shults was an "eligible employee" within the meaning of the Family and Medical Leave Act and, therefore, was entitled to the benefits and protections of the Act.

10. RUCEC at all times material to this action was an "employer" and a "covered entity" within the meaning of the Americans With Disabilities Act and, therefore, was required to comply with the Act.

11. As a result of his PTSD, Shults suffers from a disability substantially limiting major life activities, including but not limited to working. He also has a record of such an impairment or disability, and managers and supervisors at RUCEC regarded him as having such an impairment or disability. Shults was able to perform the essential functions of his job with RUCEC.

12. Shults was "qualified individual with a disability" during his employment with RUCEC in 2007 and, therefore, was an employee entitled to the benefits and protections of the Americans with Disabilities Act.

13. At the time of his termination, Shults was a manager at RUCEC. RUCEC designs, advertises, and presents continuing education programs under the auspices of Rockhurst University. Shults earned just over $50,000 a year, received

a bonus of almost $13,000 in 2007, and had a fringe benefit package worth about $12,500 annually.

14. During the first half of 2007, Gary Truitt, one of the highest ranking managers of RUCEC, repeatedly belittled Shults's experiences as a combat veteran and harassed him about his PTSD. Truitt did so knowing that Shults, in fact, had been diagnosed with and treated for PTSD as a result of his military service.

15. Shults reported Truitt's mistreatment of him to other managers and supervisory personnel with RUCEC. But no significant action was taken to curtail Truitt.

16. As a result, Shults's PTSD worsened, and he was also diagnosed with major depressive disorder.

17. In spring 2007, Shults requested and took leave under the Family and Medical Leave Act.

18. Almost immediately upon returning from the FMLA leave, Shults received a series of write-ups for deficient job performance. The write-up were exaggerated or unfounded. Shults's work was scrutinized more closely than his colleagues' work. He was unfairly criticized and threatened with termination.

19. On August 27, 2007, Shults filed a charge of discrimination with the Equal Opportunity Commission and Kansas Human Rights Commission because he

had been the victim of disability discrimination and of retaliation because he made an internal complaint about the harassment Truitt directed at him.

20. RUCEC became aware of the charge of discrimination sometime between August 29 and September 10, 2007.

21. RUCEC fired Shults on September 20, 2007 based on pretexual claims of inadequate job performance.

22. Shults then filed a charge of discrimination with the Kansas Human Rights Commission and the EEOC on March 25, 2008 stating he had been fired both because he was a qualified individual with a disability and in retaliation for the charge of discrimination he filed in late August 2007.

23. The EEOC issued right-to-sue notices to Shults on October 31, 2008 regarding both the August 27, 2007 charge and the March 25, 2008 charge.

## Count I – FMLA

24. RUCEC retaliated against Shults because he exercised protected rights under the FMLA by taking a leave in 2007 and, thereby, interfered with, restrained, and denied his rights.

25. RUCEC retaliated against Shults for taking FMLA leave by issuing false or exaggerated write-ups of his job performance and subjecting him to undue scrutiny in the workplace.

26. RUCEC further retaliated against Shults for taking FMLA leave by discharging him on September 20, 2007.

27. As a result of RUCEC's actions, Shults has suffered economic damage.

28. RUCEC's actions were in deliberate violation of Shults's protected rights and taken without any good faith basis, subjecting the company to liquidated damages.

## Count II – ADA

29. RUCEC unduly scrutinized Shults's work performance and issued false or exaggerated write-ups to him because he is qualified individual with a disability under the Americans with Disabilities Act.

30. RUCEC discharged Shults on September 20, 2007 because he is a qualified individual with a disability.

31. As a result of RUCEC's actions, Shults has suffered economic damages.

32. As a result of RUCEC's actions, Shults has experienced emotional distress and mental anguish causing him noneconomic damages.

33. RUCEC's actions were willful, deliberate, and in intentional or reckless disregard of Shults' protected rights, thereby warranting punitive damages.

## Count III – ADA

34. The leave Shults took in 2007 constituted a reasonable accommodation of his disability.

35. RUCEC unduly scrutinized Shults's work performance and issued false or exaggerated write-ups to him in retaliation for his having sought a reasonable accommodation of his disability under the Americans With Disabilities Act.

36. The charge of discrimination Shults filed constituted a protected action under the Americans with Disabilities Act.

37. RUCEC discharged Shults on September 20, 2007 because he sought and received a reasonable accommodation under the Americans With Disabilities Act and because he engaged in protected action under the Americans With Disabilities Act.

38. As a result of RUCEC's actions, Shults has suffered economic damages.

39. As a result of RUCEC's actions, Shults has experienced emotional distress and mental anguish causing him noneconomic damages.

40. RUCEC's actions were willful, deliberate, and in intentional or reckless disregard of Shults' protected rights, thereby warranting punitive damages.

WHEREFORE, Plaintiff Shults asks the Court to enter judgment in his favor and against Rockhurst University Continuing Education Center: (1) awarding him economic damages both as backpay and frontpay sufficient to compensate him for his loss of income and benefits; (2) on his FMLA claim, liquidated damages equal to his backpay damages; (3) on his ADA claims, noneconomic damages sufficient to compensate him for his emotional distress and mental

anguish; (4) on his ADA claims, punitive damages; (5) reasonable attorney's fees and costs and expenses of this litigation; and (6) such other relieve as may be just and appropriate.

                                s/G. Gordon Atcheson
                                G. Gordon Atcheson, Ks. Bar 10916
                                The Atcheson Law Office
                                4800 Rainbow Blvd., Suite 6
                                Westwood, KS 66205
                                913-362-8650
                                913-362-8652 (fax)
                                gga@atchesonlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff Shults requests a trial by jury of all claims in his complaint.

                                s/ G. Gordon Atcheson

## DESIGNATION OF PLACE OF TRIAL

Plaintiff Shults designates Kansas City, Kansas as the place of trial of this matter.

                                s/G. Gordon Atcheson